**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10310 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00447-EMC-1 |
| v. | |
| ANGELO CIBRIAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Defendant-Appellant Angelo Cibrian appeals his conviction for being a

felon in possession of a firearm and ammunition in violation of 18 U.S.C.

§ 922(g)(1). We affirm.

--------------------

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

1.  Like the district court, we assume, but do not decide, that the initial search was unlawful.

2.  "'[B]efore conducting a warrantless search' of a residence 'pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched.'" *United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013) (quoting *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006)). "[P]robable cause as to residence exists if an officer of reasonable caution would believe, based on the totality of [the] circumstances, that the parolee lives at a particular residence." *Id.* at 975 (internal citations and quotation marks omitted). Excluding the evidence derived from the initial search, the police officers had probable cause to believe that Cibrian resided at 61 Cameron Way.

Cibrian updated his mailing address with the Department of Motor Vehicles ("DMV") to 61 Cameron Way eight days before the parole search. Furthermore, Patricia Salazar, the mother of the alleged domestic violence victim and the grandmother of Cibrian's child, told the 911 operator that Cibrian lived at 61 Cameron Way, and police officers found Cibrian at the residence. This evidence is sufficient to support a finding of probable cause as to his residence.

3. The district court did not clearly err in concluding that the police officers would have conducted the parole search even if the initial search had not occurred. *See Murray v. United States*, 487 U.S. 533, 542 & n.3 (1988); *United States v. Snipe*, 515 F.3d 947, 950 (9th Cir. 2008). Sergeant Hall, the supervising officer and final decision-maker as to whether to conduct the parole search, testified that he ordered the parole search because Cibrian was a parolee, was wanted on an outstanding no-bail arrest warrant, was found at the residence, and had a physical description matching the description Patricia Salazar gave to the 911 operator, and because the DMV report showed that he had recently updated his mailing address to 61 Cameron Way.

As evidence of residence, the material found during the initial search was exceedingly weak. Under these circumstances, the district court correctly found that the items seen during the sweep did not "significantly direct" Hall to search for Cibrian in the DMV database or to order the parole search. *United States v. Chamberlin*, 644 F.2d 1262, 1269 (9th Cir. 1980). Hall testified that the information learned during the initial search constituted only "one minor fact in a set of articulable facts that would be part of a larger picture," and that he would

3

have ordered the parole search even absent the initial search. The district court found Hall's testimony credible.

As the district court's underlying finding was not clearly erroneous, we affirm its denial of Cibrian's motion to suppress.

**AFFIRMED.**